**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

CHRISTINEA KEARSE,

                Plaintiff,

vs.

VARNELL, STRUCK, & ASSOCIATES,
INC., et al.,

                Defendant.

Case No. 05-CV-548

## <u>ORDER</u>

Plaintiff's Motion to Compel [Dkt. 107] is before the undersigned United States Magistrate Judge for decision.  The motion is granted in part and denied in part as provided herein.

Plaintiff's Second Amended Complaint, filed April 7, 2006, asserts a claim against her former employer, Varnell, Struck & Associates (VSA) under Title VII alleging discrimination on the basis of her gender and that she suffered damages as a result of a sexually hostile work environment.  She alleges VSA engaged in retaliatory conduct for her reporting of unfavorable working conditions and for filing a workers compensation claim.  She also asserts a claim under the Americans with Disabilities Act, alleging she was denied a reasonable accommodation.   In addition, Plaintiff claims, *inter alia,* that individual Defendants John Varnell, and David Struck as shareholders, officers and directors of VSA were the alter egos of VSA, intentionally undercapitalized VSA to avoid liability so as to enable her to pierce the corporate veil of VSA, and are successors in interest to VSA.

The discovery period in this case ended on December 31, 2006.  Plaintiff served discovery requests on Defendants John Varnell (Varnell), David Struck (Struck), and VSA at some point after November 15, 2006, the exact date of which is unclear from Plaintiff's

filings. [Dkt. 107, p. 2].  Plaintiff's discovery requests fall into several broad categories: 1) corporate minutes, asset and financial information allegedly related to Plaintiff's claim that the corporate entity should be disregarded; 2)employee files and corporate records concerning other claims of sexual discrimination or harassment, retaliation for filing workers compensation claims, and ADA claims; 3) communication and information concerning Defendant's contract with Lowes and the termination of that contract; and 4) PDA information.  The Defendants posed objections to the overbreadth and burdensomeness of producing the information as well as asserting that the information sought is not material to allegations contained in Plaintiff's Complaint.

Initially, the Court notes that Plaintiff does not assert that Defendants have failed to produce any materials related specifically to her employment or termination.  Further, the scope and timing of Plaintiff's requests present practical difficulties.  Plaintiff's requests are extremely broad and were made toward the end of the discovery period at a time when any dispute over the requests would create scheduling difficulties.  Although Plaintiff's brief reflects her agreement to narrow some of the requests, it is not clear how most of the materials sought will benefit the case.  In some instances Plaintiff's motion seeks an order compelling production even where Defendant has responded that no such information exists.

The filing of a lawsuit does not necessarily open up all aspects of a defendant's business and financial dealings for inspection.  Discovery may be obtained regarding any matter that is not privileged and is relevant to the claim or defense of any party. Fed.R.Civ.P. 26(b)(1).  Although the scope of discovery is broad, the Court may limit discovery for a number of reasons, including if:

> the burden or expense of the proposed discovery outweighs its
> likely benefit, taking into account the needs of the case, the
> amount in controversy, the parties resources, the importance
> of the issues at stake in the litigation, and the importance of the
> proposed discovery in resolving the issues.

Fed.R.Civ.P. 26(b)(2)(iii).  The Court has resolved the instant motion taking into account the needs of the case and the importance of the proposed discovery in resolving the matters at issue in the case.

### Corporate Minutes and Financial Information

The Court rejects Plaintiff's assertion that her allegation that the corporate veil should be pierced makes the entirety of Defendant's corporate records discoverable.  It is the general rule that a corporation, even one with a small number of shareholders is a separate and distinct entity from the shareholders and officers.  In some circumstances the corporate entity may be disregarded to impose personal liability on shareholders or officers.  This is, however, an extraordinary remedy used sparingly, *Puckett v. Cornelson*, 897 P.2d 1154, 1155-56 (Ok.Civ.App. 1995).   The corporate entity may be disregarded if the corporate entity is used as a vehicle to: 1) defeat public convenience; 2) justify wrong; 3) perpetrate fraud whether actual or implied; or 4) to defend crime.   *Robertson v. Roy L. Morgan, Production Co.*, 411 F.2d 1041, 1043 (10th Cir. 1969); *Estate of Rahill v. Rahill*, 827 P.2d 896 (Ok.Civ.App. 1991).

Plaintiff has offered nothing to suggest that the circumstances of this case warrant disregard of the corporate entity under the foregoing test.  The bare fact that VSA has ceased doing business does not demonstrate, or even suggest, that the corporate structure was used to perpetrate a wrong such that its records should be open to discovery in this employment action.

3

Plaintiff states her "piercing the corporate veil, alter ego, and successor in interest claims" rest in large part "upon the failure of VSA principals to follow certain corporate formalities, to provide a proper economic base for the company, and to properly distribute the proceeds from the company's dissolution." [Dkt. 107, p. 23].  Although Plaintiff alleges a number of theories, the gravamen of her suit is that her employment was wrongfully terminated.  She has not explained how the alleged failure to follow corporate formalities, the capitalization of VSA, distribution of the proceeds from the dissolution of VSA, or alleged acts of self-dealing have any potential to make any question related to her termination more or less likely.

To the extent that corporate minutes or other communications might address Plaintiff's specific employment-related claims, in response to Request for Production No. 2, Defendant informed Plaintiff that "no responsive documents exist that contain any communications or information about Plaintiff, her Complaint, the claims made in her Complaint, or Defendant's sexual harassment policy." [Dkt. 107, p. 5].

Based on Plaintiff's failure to come forward with any showing that use of the corporate entity was employed to perpetrate a wrong against her, and Defendant's representation that the documents sought do not contain any information concerning Plaintiff or her allegations, Plaintiff's Motion to Compel as to VSA Document Request Nos. 2 ,18, Interrogatory No. 3; Varnell and Struck Document Request Nos. 1, 2, 4, 5, 12, 15, and Interrogatories No. 3, and 13 is DENIED.

In response to Request for Production No. 1, Defendant agreed to produce tax returns for years 2002, 2003, 2004 and 2005.  Plaintiff represents that they have not been produced.  Plaintiff's Motion to Compel is GRANTED as to Request for Production No. 1.

4

Defendant is hereby ordered to produce the tax returns to Plaintiff in Tulsa on or before April 25, 2007.

### Records Concerning Other Employee Claims

Plaintiff seeks production of a list of names, last known contact information, and employee files for any of VSA's employees who lodged any claim of sexual discrimination or filed any workers compensation retaliation claim.  Defendant has responded that "no employee, other than Plaintiff . . . has filed a sexual discrimination claim, a sexual harassment claim, a disability discrimination claim, or a claim for retaliation for making a complaint of harassment or for filing a workers' compensation claim against Defendant." [Dkt. 107, p. 6].  Based on Defendant's representation, Plaintiff's Motion to Compel as to VSA Document requests Nos. 7, 8, and Interrogatories 6, 7 is DENIED.

### Defendant's Contract With Lowes and Contract Termination

As amended, Plaintiff's Request for Production No. 4 requests Defendant to produce any and all contracts that Defendant had with Lowes from 2002 to present under a protective order.  Defendant agreed to produce "contracts entered into by Lowes and Defendant's BMS division." pursuant to a protective order, and pending approval by Lowes, [Dkt. 107, p. 5].  Plaintiff asserts the contracts have not been produced.

Since Defendant agreed to produce the tax returns, Plaintiff's Motion to Compel is GRANTED as to Request for Production No. 4.  Defendant is hereby ordered to produce contracts entered into by Lowes and Defendant's BMS division, on or before April 25, 2007.

In Request for Production No. 11 Plaintiff seeks production of:

> "any and all documents that pertain to any Defendant communication with Lowe's during the past six years relating

in any way to Lowe's dissatisfaction with Defendant employee performance and discipline.

[Dkt. 107, p. 7].  The same information is requested of Defendants Varnell and Struck in Request for Production No. 6. [Dkt. 107, p. 14].  Defendants objected to the request as being overbroad, vague, ambiguous, unduly burdensome, irrelevant, and asserted that the request fails to identify with specificity the information sought.  *Id.* at 7-8, 14-15.  Despite those objections, Defendants stated they would produce "existing non-privileged documents responsive to this request at a time mutually agreeable to all counsel."  *Id.* at 8.  With regard to VSA, Plaintiff states that Defendant's response to the request was incomplete as "no Defendant correspondence with Lowes was included in Defendant's response other than that regarding the Plaintiff herself."  *Id.*

Defendant has apparently produced its correspondence with Lowes that related to Plaintiff.  Plaintiff has not submitted any argument to demonstrate that, aside from information that specifically addresses her, the information sought by this request would be material to any issue in this case.  Since Plaintiff has received responsive information that pertains to her, taking into account the needs of the case, the burden of responding to Plaintiff's overly broad discovery requests, and the importance of the proposed discovery in resolving the matters at issue in the case, Plaintiff's Motion to Compel is DENIED as to Request for Production No. 11.

With regard to Varnell and Struck Request for Production No. 6, Plaintiff offered to limit her request to those employees similarly situated to Plaintiff, to the years she was employed by Defendant VSA, and to the claims she was pursuing.  Since Defendants agreed to produce responsive materials and since they failed to make a substantive

response to Plaintiff's Motion to Compel, Plaintiff's Motion to Compel is GRANTED as to Varnell and Struck Request for Production No. 6.   Varnell and Struck are required to produce responsive documents to Plaintiff in Tulsa on or before April 25, 2007.

Request for Production No. 19 and Request for Production No 13 to Defendants Varnell and Struck seek "any and all documents pertaining to the termination of the contract(s), and to any issues which led up to the termination of the contract(s), between Lowe's and Defendant." [Dkt. 107, p. 9, p. 16].  Plaintiff will receive copies of the contracts between Lowes and VSA and has already received the correspondence between Lowes and VSA which pertains to her.  Termination of the contract between Lowes and VSA has no obvious connection to the termination of Plaintiff's employment with VSA.  Plaintiff claims, however, that discovery of all communications related to termination of the contract between VSA and Lowes is relevant because it might show that VSA's failure to adhere to anti-discrimination statutes or adopt suitable policies played some part in the termination of the contract between VSA and Lowes.  Plaintiff has not shown that she has any reason to believe those factors played any part in the termination of the contract, she merely identifies them as a possibility.  Since the termination of the contract between Lowes and VSA does not appear to be related to the termination of Plaintiff's employment and Plaintiff has not demonstrated any reason to believe there is such a relationship, application of the Rule 26 (b)(2)(iii) factors counsels against discovery.  Plaintiff's Motion to Compel is therefore DENIED as to Request for Production No. 19 and Varnell and Struck Request for Production No. 13.

The same rationale applies to Interrogatory No. 8 and Interrogatory No. 1 to Varnell and Struck. The Motion to Compel is DENIED as to Interrogatory No. 8 and Varnell and Struck Interrogatory No. 1.

### PDA information

Request for Production Nos. 20, 21, 22, and 23 seek information concerning VSA's use of a PDA system and transmission from the PDA system. Following its objection to these requests VSA responded: "Defendant will produce existing non-privileged documents responsive to this request where those documents are stored by Defendant VSA in the ordinary course of its business." [Dkt. 107, pp. 11-13]. VSA is no longer in business and has stored all of its documents. The dispute as to these documents is whether they will be produced to Plaintiff in Tulsa, or whether Plaintiff will be required to travel to VSA's storage facility to retrieve them. VSA's response to the Motion to Compel did not forward any argument concerning why the documents should not be produced to Plaintiff in Tulsa.

Plaintiff's Motion to Compel is GRANTED as to Request for Production Nos 20, 21, 22, and 23. Defendant is required to produce responsive documents and applicable privilege log to Plaintiff in Tulsa on or before April 25, 2007.

### Discovery Directed to Varnell and Struck

Request for Production No. 11 asks for production of any and all documentation in Defendant's possession related to the demotions, terminations or other negative employment actions taken against George Finley, Alex Beedy, Ray Appell, or Justin Honse for the period of 2002 to present. [Dkt. 107, p. 15]. In addition to posing objections, Defendants responded that they "will produce existing non-privileged documents

responsive to this request where those documents are stored by Defendant VSA in the ordinary course of its business." *Id.*

Again, VSA is no longer in business, has stored all of its documents and the dispute as to these documents is whether they will be produced to Plaintiff in Tulsa, or whether Plaintiff will be required to travel to VSA's  storage facility to retrieve them.  Varnell and Struck's response to the Motion to Compel did not forward any substantive argument concerning production of the documents or any argument concerning why the documents should not be produced to Plaintiff in Tulsa.  Therefore, Plaintiff's Motion to Compel is GRANTED as to Request for Production No. 11.  Defendants are required to produce responsive documents and applicable privilege log to Plaintiff in Tulsa on or before April 25, 2007.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion to Compel [Dkt. 107] is GRANTED in Part and DENIED in Part as provided herein.

SO ORDERED this 18th day of April, 2007.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

9