**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CHRISINEA KEARSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 05-CV-548-GKF-FHM |
| | ) | |
| VARNELL, STRUCK & ASSOCIATES, INC., | ) | |
| and LOWE'S COMPANIES, INC., corporate | ) | |
| defendants, and JOHN VARNELL, DAVID | ) | |
| STRUCK and ROBERT ALLEN, individual | ) | |
| defendants, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the court are: (1) the Motion to Dismiss of defendants John Varnell and David Struck  [Docket No. 60]; and (2) the Motion for Leave to Supplement Responses to Motions to Dismiss, filed by plaintiff Christinea Kearse [Docket No. 111].

Dismissal of a complaint is proper only if it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.  *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006).

Upon review of the allegations of the Second Amended Complaint and the briefs filed in connection with the motion to dismiss, the court concludes that the motion to dismiss should be denied in all respects but for plaintiff's Ninth and Tenth Causes of Action.

As for the Ninth Cause of Action, in which plaintiff alleges that Varnell and/or Struck tortiously interfered with her contractual relations with defendant Varnell, Struck & Associates, Inc. ("VSA"), it is clear as a matter of Oklahoma law that one who is acting in a representative capacity for a party to a contract cannot be liable for wrongfully interfering with that contract. *Voiles v. Santa Fe Minerals, Inc.*, 1996 OK 13, ¶¶ 17-24, 911 P.2d 1205, 1210-1211.  The same

principle of law would apply if plaintiff is ultimately successful in her Sixth and Seventh Causes of Actions and proves that VSA's corporate veil should be pierced and/or that Varnell and Struck were merely alter egos of VSA.  Varnell and/or Struck could not, as a matter of law, have interfered with a contract concerning which they were acting in a representative capacity for VSA.  Nor could they have interfered with the VSA/Kearse contract if they are legally determined to be the alter egos of VSA.  The motion must be granted as to plaintiff's Ninth Cause of Action.

By a separate order entered earlier today, the court granted without prejudice the motion of defendant Varnell, Struck & Associates, Inc. to dismiss plaintiff's Tenth Cause of Action for conspiracy.  The court granted plaintiff's motion to amend the Tenth Cause of Action.  Similarly, the instant motion to dismiss plaintiff's Tenth Cause of Action is granted, without prejudice to filing the amended claim on or before May 18, 2007.

The court concludes that it is unnecessary for plaintiff to file any supplemental response(s) to the motions to dismiss.  Therefore, plaintiff's Motion for Leave to Supplement Response(s) [Docket # 111] is denied.

WHEREFORE, the Motion to Dismiss of defendants John Varnell and David Struck [Docket No. 60] is granted in part and denied in part; and plaintiff's Motion for Leave to Supplement Responses to Motions to Dismiss [Docket No. 111] is denied.

IT IS SO ORDERED  this 8th day of May, 2007.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma